# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>Gabriel GUERRERO FLORES<br>AKA: Hipolito RODRIGUEZ<br>Hipolito RODRIGUEZ RODRIGUEZ<br>Defendant | ) Magistrate Docket No. _____<br>)<br>)<br>)  '08 MJ 0600<br>)<br>) COMPLAINT FOR<br>) VIOLATION OF:<br>) TITLE 18 U.S.C. 1542<br>) False Statement in Application for<br>) a U.S. Passport (Felony)<br>) |

The undersigned complainant, being duly sworn, states:

### Count 1

On or about March 4, 2002, within the Southern District of California, defendant Gabriel GUERRERO FLORES, using the assumed identity of Hipolito RODRIGUEZ, did knowingly and willfully make a false statement in an application for a passport with the intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of such passports, to wit: defendant executed a passport application (DS-11) at the National City Post Office, in which he claimed to be Hipolito RODRIGUEZ, born September 5, 1974, knowing full well that he was not; in violation of Title 18, United States Code, Section 1542.

### Count 2

On or about January 30, 2008, within the Southern District of California, defendant Gabriel GUERRERO FLORES, using the assumed identity of Hipolito RODRIGUEZ, did knowingly and willfully make a false statement in an application for a passport with the intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of such passports, to wit: defendant executed a passport application (DS-11) at the National City Post Office, in which he claimed to be Hipolito RODRIGUEZ, born September 5, 1974, knowing full well that he was not; in violation of Title 18, United States Code, Section 1542.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This ___28___ day of __Feb.__, 2008.

_____ UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS

I, Richard Michael Escott, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1. I am a Senior Special Agent (SSA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for eight years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2. During the performance of my duties, I have obtained evidence that Gabriel GUERRERO FLORES, aka: Hipolito RODRIGUEZ assumed the identity of another and subsequently made false statements in the application for a US Passport on two occasions. This Affidavit is made in support of a complaint against DEFENDANT for violation of Title 18, U.S.C., Section 1542.

3. On 02/27/2008, at approximately 0026 hours, DEFENDANT presented himself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the vehicle lines of the San Ysidro Port of Entry, to apply for admission into the United States. DEFENDANT identified himself with California Driver License number D4713535, bearing the name Hipolito RODRIGUEZ, DOB 09/05/1974, and a photograph of DEFENDANT. DEFENDANT also claimed to be a US citizen. The CBP Officer suspected that DEFENDANT was making a false claim to US citizenship and upon inspection of the vehicle, the Officer discovered an individual concealed in the rear of the vehicle. The DEFENDANT and the concealed individual were escorted to secondary inspection.

4. On 02/27/2008, at approximately 1000 hours the Affiant was advised by a CPB Officer at the San Ysidro POE that DEFENDANT had been detained at the secondary inspection area of the San Ysidro POE. The affiant conducted record checks of the DSS case database and discovered that the defendant had been a previous subject of investigation when he applied for a US passport on 03/04/2002. Records indicated that the subject of the previous investigation had been interviewed and fingerprinted. The FBI fingerprint record of the subject of the previous case matched that of DEFENDANT. Affiant obtained a scanned copy of DEFENDANT's 03/04/2002 US Passport application in the name of Hipolito RODRIGUEZ.

5. On 02/27/2008, at approximately 1220 hours, DEFENDANT was retrieved from a cell in the Port Enforcement Team (PET) area. The Affiant assisted by a CBP Officer, who also acted as translator, provided DEFENDANT a copy of the Miranda rights in Spanish. DEFENDANT read his Miranda warning aloud in Spanish from a written copy. He indicated that he understood and waived his right to counsel. DEFENDANT was placed in a seating area of the PET.

6. On 02/27/2008, at approximately 1250 hours, DEFENDANT was retrieved from the PET area and brought to an interview room. The Affiant assisted by a CBP Officer, who also acted as translator, obtained consent from DEFENDANT to have his interview audio/video taped. DEFENDANT was again provided a written copy of the Miranda rights in Spanish. DEFENDANT read them aloud in

Spanish. He indicated that he understood and waived his right to counsel. He admitted that his true name was Gabriel GUERRERO FLORES, DPOB, 10/11/1978, Nayarit, Mexico. He stated that he was a citizen of Mexico and not a citizen of the United States. DEFENDANT ultimately admitted that he paid Hipolito RODRIGUEZ, $250 for his Puerto Rico birth certificate and social security card.

7. DEFENDANT admitted to using the birth certificate and social security card in the name Hipolito RODRIGUEZ, to apply for, and subsequently obtain California Driver License number D4713535. DEFENDANT admitted that he then used the driver license and birth certificate to apply for a US Passport at the National City Post Office on or about 03/04/2002.

8. DEFENDANT acknowledged that on or about 08/07/2002 he was interviewed by a DSS Special Agent (SA) regarding his passport application. DEFENDANT admitted making false statements when he claimed to the SA that he was indeed, Hipolito RODRIGUEZ.

9. DEFENDANT admitted that he paid Hipolito RODRIGUEZ, through a family member, $100 for an additional copy of RODRIGUEZ's birth certificate. DEFENDANT admitted that on 01/30/2008 he executed another application for a US Passport at the National City Post Office in the name of Hipolito RODRIGUEZ and a photograph of DEFENDANT. Affiant recovered a US Postal Service Receipt dated 01/30/2008 which listed "PAY TO. DEPARTMENT OF STATE."

10. DEFENDANT made an oral recorded confession as to the elements of the charges and made a written statement.

On the basis of the facts presented in this probable cause statement consisting of 2 pages, there is probable cause to believe that the defendant named in this probable cause statement committed the offenses on or about 03/04/2002 and 01/30/2008 - in violation of Title 18, United States Code § 1542, when he falsely assumed the identity if Hipolito RODRIGUEZ, and provided identity and citizenship documents asserting the same, on the above mentioned passport applications.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service